# EXHIBIT A

1  Richard K. Walker, SBN 004159
2  Roger S. Owers, SBN 022965
   **WALKER & PESKIND, PLLC**
3  16100 N. 71st Street, Suite 140
   Scottsdale, Arizona 85254-2236
4  *rkw@azlawpartner.com*
5  *rso@azlawpartner.com*
   Phone: (480) 483-6336
6  Facsimile: (480) 483-6337
7
   *Counsel for Plaintiff*
8

MICHAEL K. JEANES
Clerk of the Superior Court
By Kathryn Lavery, Deputy
Date 09/18/2013 Time 16:37:01
Description                    Amount
──── CASE# CV2013-054526 ────
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                   319.00
        Receipt# 23255313

9        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10           IN AND FOR THE COUNTY OF MARICOPA

11

12  R. BRIAN FIFER,                    CASE NO.: CV2013-054526

13              Plaintiff,

14      vs.                            **COMPLAINT**

15  EASY ENERGY SYSTEMS, INC., a
    Minnesota corporation; MARK
16  GAALSWYK, a resident of the State of
    Minnesota,
17
                Defendants.            [Assigned to _____]
18

19

20      Plaintiff, R. BRIAN FIFER, through his attorneys undersigned, as and for his

21

22  claims for relief against Defendants, alleges as follows:

23                      **THE PARTIES**

24      1.      Plaintiff R. BRIAN FIFER ("FIFER"), is, and at all times pertinent was, a

25  resident of Maricopa County, Arizona.

26

27      2.      On information and belief, Defendant EASY ENERGY SYSTEMS, INC.

28  ("EES"), is a Minnesota corporation that, at all times pertinent, was duly registered with

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

the Arizona Corporation Commission, had its corporate headquarters and principal place of business in Arizona, and regularly conducted business in Arizona. EES is in the business of developing small-scale, modular, biorefinery technology for the use of enzymatic processes to convert certain feedstocks to ethanol.

3.      On information and belief, Defendant MARK GAALSWYK ("GAALSWYK") is, and at all times pertinent was, a resident of the State of Minnesota, with a part-time residence in Scottsdale, Arizona, who on information and belief is, and at all times pertinent was, also a Director, Chairman of the Board of Directors, and the majority shareholder in EES.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this case pursuant to the Arizona Constitution and A.R.S. § 12-123.

5.      The Court has personal jurisdiction over Defendant EES pursuant to Rule 4.2(a) of the Arizona Rules of Civil Procedure, and by virtue of the facts that it has availed itself of the privilege of conducting activities within the State of Arizona, thereby invoking the benefits and protections of the laws of this State. In addition, EES purposefully directed activities within the State of Arizona and consummated transactions within the State and with certain of its residents, including Plaintiff FIFER.

6.      The Court has personal jurisdiction over Defendant GAALSWYK pursuant to Rule 4.2(a) of the Arizona Rules of Civil Procedure, and by virtue of the facts that he has availed himself of the privilege of conducting activities within the State of Arizona, thereby invoking the benefits and protections of the laws of this State. In addition,

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

2

GAALSWYK purposefully directed activities within the State of Arizona and consummated transactions within the State and with certain of its residents, including Plaintiff FIFER.

7.      Venue is proper in Maricopa County pursuant to A.R.S. § 12-401.

## GENERAL ALLEGATIONS

8.      Beginning on or about June 13, 2011, Plaintiff FIFER was employed by Defendant EES in the capacity of its Executive Vice President, Finance and Chief Financial Officer.

9.      EES, through GAALSWYK, agreed that Plaintiff FIFER's initial base salary would be $65,000 per year, with increases to come into effect upon EES's reaching certain equity funding milestones, or upon the occurrence of certain sales of EES's technology.

10.     EES, through GAALSWYK, agreed to further compensation for Plaintiff FIFER that included, *inter alia*, approximately 2,000,000 shares of phantom EES stock.

11.     Plaintiff FIFER was induced to take the position of Executive Vice President and CFO with EES, despite having other opportunities that would have been more lucrative in the near term, primarily on the strength of certain representations made by Defendant GAALSWYK.

12.     The representations by GAALSWYK that figured materially in Plaintiff FIFER's decision to become employed by EES included statements that he was in a position to fund EES at the level of $150,000 per month "indefinitely." Such statements were made by GAALSWYK to, or in the presence of, Plaintiff FIFER on several

3

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

occasions, including but not limited to June 13, 2011, and numerous further occasions thereafter in the period June 2011 to September 2011.

13.    Further representations made by GAALSWYK that materially influenced FIFER's decision to enter into an employment relationship with EES were statements that EES technology had been tested and confirmed to be able to convert profitably more than forty (40) different feedstocks, in addition to corn, into ethanol.  Such statements were communicated by GAALSWYK to, or in the presence of, FIFER on several occasions, including but not limited to June 13, 2011, and numerous further occasions thereafter throughout the remainder of 2011.

14.    Further representations made by GAALSWYK that materially influenced FIFER's decision to become an employee of EES included assertions that EES had agreements with over twenty (20) enzyme producers, pursuant to which EES had acquired the right to use the enzymes produced by such manufacturers to convert various feedstocks into ethanol.  Such statements were communicated by GAALSWYK to, or in the presence of, FIFER on several occasions, including but not limited to June 13, 2011, and numerous further occasions throughout the remainder of 2011 and in the first five months of 2012.

15.    On June 13, 2011, and on at least two further occasions between that date and June 30, 2011, GAALSWYK represented to, or in the presence of, Plaintiff FIFER that $20 million in funding had been secured to implement Defendant EES's Business Plan, and that half of that amount would be available by June 30, 2011, to support the Company's operations.

4

16.     GAALSWYK further represented to Plaintiff FIFER on June 13, 2011, that, because of the financing sources that had been secured to support Defendant EES's operations, there would be a period of no more than ninety (90) days during which FIFER would be compensated at the reduced initial salary level specified in his Employment Agreement ($65,000), after which he would receive a base salary at the substantially increased rates specified in his Employment Agreement to take effect upon Defendant EES's receipt of specified amounts of equity funding.

17.     GAALSWYK further represented to, or in the presence of, Plaintiff FIFER on June 13, 2011, and on numerous further occasions between that date and September 30, 2011, that there were more than one thousand (1,000) quotations outstanding for sales to interested customers, more than half of which would result in sales to be closed within a matter of a few months.

18.     GAALSWYK further represented to, or in the presence of, Plaintiff FIFER on June 13, 2011, that GAALSWYK had invested over $5 million in capital in Defendant EES as of that date.

19.     GAALSWYK further represented to, or in the presence of, Plaintiff FIFER on June 13, 2011, and on numerous further occasions during the three months thereafter, that a demonstration plant owned by Defendant EES and located in Emmitsburg, Iowa ("Emmitsburg Plant"), was operating in batch mode and that, with the further investment of $300,000, which GALLSWYK represented would be forthcoming within a few months from various governmental granting agencies and his own resources, the plant

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

5

would be able to operate in full production mode around the clock, producing $150,000 each month in operating profits to fund the operations of EES.

20.     Each and every one of the representations set forth in Paragraphs 12-19 above was false, and were either known by GAALSWYK at the time to be false or made in reckless disregard of their truth or falsity.

21.     All of the representations made by GAALSWYK as set forth in Paragraphs 12-19 above were made by him with the intention that Plaintiff FIFER, among others, would act in reliance on them, and Plaintiff FIFER did in fact reasonably rely on them to his detriment.

22.     During Plaintiff FIFER's tenure with EES, payroll periods ended bi-weekly on Saturday, and paydays were set for the subsequent Friday.

23.     Beginning in or about March of 2013, FIFER and others in the EES Senior Management Team (then including the Chief Executive Officer, the President, and the Vice President for Sales) began to question GAALSWYK about evidence of his misappropriation of EES monies, and the accuracy of representations he had made as to his ability to fund EES's operations, the feedstocks that had been tested and had proven capable of being profitably converted to ethanol, the number of agreements EES was purported to have with enzyme manufacturers, the amount of capital GAALSWYK had actually invested in Defendant EES, the status and capacity of the Emmitsburg Plant.

24.     In or about March of 2013, FIFER and others on the Senior Management Team expressly informed GAALSWYK that they thought he had been engaged in various forms of illegal activity, including embezzlement of EES funds and a scheme or

6

artifice to defraud members of the Senior Management Team, EES shareholders, and creditors.

25. On or about May 21, 2013, FIFER, along with all other members of the Senior Management Team, received a letter from GAALSWYK announcing that he was placing all of them on "leave of absence." In conjunction therewith, GAALSWYK had, without prior notice, packed up the contents of the Scottsdale, Arizona offices of the members of the Senior Management Team, including all hard copy files and all computers with electronically stored information, and had arranged to have them shipped to Minnesota. The items thus removed from FIFER's office included personal items and documents.

26. Within a few days of having received the aforementioned May 21, 2013, letter from GAALSWYK, FIFER and the other members of the Senior Management Team notified GAALSWYK that they considered their employment relationships to have been terminated. At no point did GAALSWYK or any other representative of EES contact FIFER or any of the other members of the Senior Management Team to inform them that, in fact, their employment had not been terminated.

27. On June 12, 2013, FIFER and the other members of the Senior Management Team received letters from GAALSWYK informing them that, in his "capacity as a director on EES's Board," he was notifying them that they were being terminated without cause from their officer positions with EES.

7

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

## FIRST CLAIM FOR RELIEF
### (Arizona Wage Payment Statute, A.R.S. §§ 23-350, *et seq.*)

28.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-27 above and, in particular, Paragraphs 8-9, 22 and 25-27 of this Complaint that are most directly relevant to this First Claim for Relief.

29.     During the course of Plaintiff FIFER's employment with EES, he was not timely paid wages, as that term is defined in A.R.S. § 23-350(6), due him as required by A.R.S. §§23-351. Payroll records for EES are in the sole possession of Defendants, who are in a much better position than Plaintiff to identify the specific dates when this occurred, but Plaintiff believes and avers that it occurred on at least ten (10) separate occasions during the last 12 months of his employment with EES.

30.     Plaintiff FIFER was also not timely paid wages, as that term is defined in A.R.S. § 23-350(6), due him upon the termination of his employment as required by A.R.S. § 23-353(A).

31.     For each and every occasion when Plaintiff FIFER was not paid in timely fashion as hereinbefore alleged, he is entitled to recover, pursuant to A.R.S. § 23-355, an amount equal to treble the amount of the wages not paid as required by A.R.S. §§ 23-351 and 23-353(A), less the amount of any untimely payments made in the interim.

## SECOND CLAIM FOR RELIEF
### (Arizona Anti-Racketeering Statute, A.R.S. §§ 13-2301, *et seq.*)

32.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-31 above and, in particular, Paragraphs 11-21 and 23-24 of this Complaint that are most directly relevant to this Second Claim for Relief.

8

33.   Defendant GAALSWYK enticed Plaintiff FIFER and the other members of the Senior Management Team to join EES, and to remain in EES's employ, with representations made by GAALSWYK that: (a) GAALSWYK was in a position to finance the Company's operations at the level of $150,000 per month "indefinitely;" (b) EES technology had been tested and confirmed to be able to convert profitably several different feedstocks, in addition to corn, into ethanol; (c) EES had agreements with over twenty (20) enzyme producers, pursuant to which EES had acquired the right to use the enzymes produced by such manufacturers to convert various feedstocks into ethanol; (d) $20 million in funding had been secured to implement Defendant EES's business plan, and $10 million of that amount would be available to fund the Company's operations by June 30, 2011; (e) because of the ready availability of funding, Plaintiff FIFER would need to wait no more than ninety (90) days from when he commenced his employment with EES to start receiving a base salary amount significantly greater than the $65,000 per year he was receiving to start; (f) there were more than 1,000 quotations out to interested customers, more than half of which would result in consummated sales within a few months; (g) GAALSWYK had invested over $5 million in capital in Defendant EES; and (h) improvements were to be made to the Emmitsburg Plant that, within a few months, would enable it to operate in full production mode around the clock, producing $150,000 each month in revenues to fund the operations of EES.  Each and every one of these representations was false, and known by GAALSWYK to be false at the time he made them or were made by him in reckless disregard of their truth or falsity, but FIFER and other members of the Senior Management Team to whom they were made were

9

unaware of their falsity. These false representations constituted, and were made in furtherance of, a scheme or artifice to defraud for financial gain within the meaning of A.R.S. §§ 13-2301(D)(4)(b)(xx) and 13-2310(A).

34.     GAALSWYK on numerous occasions diverted, without lawful authorization, corporate funds of EES in amounts cumulatively in excess of $25,000, which he then converted and expended for purposes to benefit himself and/or Easy Automation, Inc. ("EAI"), another company in which GAALSWYK is, and was at all times pertinent, the sole or majority shareholder. In thus misappropriating EES corporate funds, GAALSWYK engaged in theft for financial gain within the meaning of A.R.S. §§ 13-1802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v).

35.     GAALSWYK also diverted, without lawful authorization, in excess of $300,000 in investor monies that had been specifically earmarked by EES's Senior Management Team for the payment of federal and State payroll and withholding taxes, causing those taxes to go unpaid during the entire tenure of Plaintiff FIFER's employment with EES. This misappropriation of EES corporate funds also constituted theft for financial gain within the meaning of A.R.S. §§ 13-802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v). GAALSWYK also diverted, without lawful authorization, approximately $300,000 in loan proceeds that had been earmarked for the purchase of specifically identified equipment for improvement of the Emmitsburg Plant, falsely representing to the lender that the aforementioned equipment had been purchased. This misappropriation of EES corporate funds also constituted theft for financial gain within the meaning of A.R.S. §§ 13-802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v). In

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

10

addition GAALSWYK's false representation to the lender that the loan proceeds had been used to purchase equipment that was not, in fact, purchased constituted a further false representation made in furtherance of a scheme or artifice to defraud for financial gain within the meaning of A.R.S. §§ 13-2301(D)(4)(b)(xx) and 13-2310(A).

36.    GAALSWYK also diverted, without lawful authorization, approximately $150,000 in monies that were the subject of a grant from Iowa Power Fund specifically for the purchase of storage tanks for the Emmitsburg Plant that were, in fact, never purchased.  Upon information and belief GAALSWYK has falsely represented to the Iowa Power Fund on one or more occasions that the storage tanks had been purchased. This misappropriation of EES grant monies from the Iowa Power Fund also constituted theft for financial gain within the meaning of A.R.S. §§ 13-802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v).  In addition GAALSWYK's false representations to the Iowa Power Fund that the grant monies had been used to purchase storage tanks would constitute a further false representation made in furtherance of a scheme or artifice to defraud for financial gain within the meaning of A.R.S. §§ 13-2301(D)(4)(b)(xx) and 13-2310(A).

37.    GAALSWYK's conduct in participating in and perpetuating a scheme or artifice to defraud, and in committing the theft of EES corporate funds, as hereinbefore alleged, constituted "racketeering," within the meaning of A.R.S. §§ 13-2301(D)(4).

38.    GAALSWYK's actions in participating and perpetuating a scheme or artifice to defraud, and in committing the theft of EES corporate funds, as hereinbefore alleged, were numerous and continuous in nature, and they continued over a period of

11

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

1 more than two (2) years beginning in or about early 2011, thus constituting a pattern of

2 unlawful activity within the meaning of A.R.S. § 23-1314.04(S) and (T)(3).

3

4      39.     EES constitutes an "enterprise," within the meaning of A.R.S. § 13-

5 2301(D)(2).

6      40.     Through the pattern of unlawful activity hereinbefore alleged,

7 GAALSWYK acquired and maintained illegal control of EES, within the meaning of

8 A.R.S. § 2312(A).

9

10     41.     Through the pattern of unlawful activity hereinbefore alleged,

11 GAALSWYK conducted the affairs of EES through racketeering, within the meaning of

12 A.R.S. § 2312(B).

13     42.     Plaintiff FIFER suffered injury to his business, person, and property as a

14 direct and proximate result of the pattern of unlawful activity engaged in by

15

16 GAALSWYK as hereinbefore alleged, in the form of lost income, losses in the value of

17 the phantom stock issued to him by EES, and lost opportunities for gainful employment

18

19 and business ventures in an amount to be proven at trial, but currently estimated to be not

20 less than $1,000,000.

21     43.     Plaintiff FIFER suffered injury to his business, person, and property as a

22 direct and proximate result of GAALSWYK's controlling and conducting the affairs of

23

24 EES through racketeering as hereinbefore alleged, in the form of lost income, losses in

25 the value of the phantom stock issued to him by EES, and lost opportunities for gainful

26 employment and business ventures in an amount to be proven at trial, but currently

27 estimated to be not less than $1,000,000.

28                                       12

44.     Plaintiff FIFER is entitled, pursuant to A.R.S. § 13-2314.04(A) and (D)(4) and (5), to recover treble the amount of his direct and consequential damages, plus his costs and attorney's fees in prosecuting this claim.

45.     In compliance with the requirements of A.R.S. § 13-2314.04(H), Plaintiff FIFER has, contemporaneous with the filing of this Complaint, caused notice to be provided to the Attorney General of the State of Arizona of this claim, along with a copy of the Complaint.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment/Rescission)

46.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-45 above and, in particular, Paragraphs 11-21 of this Complaint that are most directly relevant to this Third Claim for Relief.

47.     Defendant GAALSWYK enticed FIFER and the other members of the Senior Management Team to sign Employment Agreements with EES with knowingly false and fraudulent representations made by GAALSWYK that: (a) GAALSWYK was in a position to finance the Company's operations at the level of $150,000 per month "indefinitely;" (b) EES technology had been tested and confirmed to be able to convert profitably several different feedstocks, in addition to corn, into ethanol; (c) EES had agreements with over twenty (20) enzyme producers, pursuant to which EES had acquired the right to use the enzymes produced by such manufacturers to convert various feedstocks into ethanol; (d) $20 million in funding had been secured to implement Defendant EES's business plan, and $10 million of that amount would be available to

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

13

fund the Company's operations by June 30, 2011; (e) because of the ready availability of funding, Plaintiff FIFER would need to wait no more than ninety (90) days from when he commenced his employment with EES to start receiving a base salary amount significantly greater than the $65,000 per year he was receiving to start; (f) there were more than 1,000 quotations out to interested customers, more than half of which would result in consummated sales within a few months; (g) GAALSWYK had invested over $5 million in capital in Defendant EES; and (h) improvements were to be made to the Emmitsburg Plant that, within a few months, would enable it to operate in full production mode around the clock, producing $150,000 each month in operating profits to fund the operations of EES. Each and every one of these representations was false, and known by GAALSWYK to be false at the time he made them or made in reckless disregard for their truth or falsity, but Plaintiff FIFER and other members of the Senior Management Team to whom such false representations were made were unaware of their falsity.

48.     Plaintiff FIFER reasonably relied to his detriment upon the false and fraudulent representations used by GAALSWYK to induce FIFER and other members of the Senior Management Team to sign Employment Agreements.

49.     In light of the false and fraudulent representations employed by GAALSWYK to entice Plaintiff FIFER to sign an Employment Agreement with EES, FIFER is entitled to a declaration from this Court that said Employment Agreement was void *ab initio*, it has no binding effect on FIFER, and its terms cannot be enforced against him.

14

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

50.     Alternatively, as a result of the false and fraudulent representations used by GAALSWYK to induce Plaintiff FIFER to sign an Employment Agreement with EES, FIFER is entitled to a declaration from this Court that he had the right to rescind said Employment Agreement, and that he has effectively done so.

## FOURTH CLAIM FOR RELIEF
## (Arizona Employment Protection Act, A.R.S. § 23-1501)

51.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-50 above and, in particular, Paragraphs 23-27 of this Complaint that are most directly relevant to this Fourth Claim for Relief.

52.     Defendants terminated Plaintiff FIFER's employment with EES in retaliation for his having disclosed, along with other members of the Senior Management Team, a reasonable belief that GAALSWYK was involved in the theft of EES's corporate funds and a scheme or artifice to defraud the members of the Senior Management Team and the Company's investors and creditors, both of which constitute violations of Arizona criminal statutes.

53.     The disclosure by Plaintiff FIFER and others of their belief that GAALSWYK and, through him, EES were involved in illegal activities, was made to GAALSWYK, who was Chairman of the Board of Directors of EES and had the authority to investigate and take further action to bring about the cessation of such illegal conduct, or to assign responsibility for the investigation and any further appropriate action to a committee of the Board of Directors.

54.     The termination of Plaintiff FIFER's employment with EES in retaliation for his having raised concerns about GAALSWYK's illegal conduct violated A.R.S. §23-1501(3)(c)(ii).

55.     As a result of the retaliatory and unlawful termination of Plaintiff FIFER's employment with EES, he has suffered damages in an amount to be determined at trial.

56.     In unlawfully terminating Plaintiff FIFER's employment in retaliation for his activities in raising concerns about illegal conduct as hereinbefore alleged, Defendants acted maliciously and with an evil hand guided by an evil mind. Accordingly, Plaintiff FIFER is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their unlawful conduct and to deter similar conduct by others in the future.

WHEREFORE, Plaintiff FIFER respectfully demands judgment against Defendants, and each of them, as follows:

A.     Finding that Plaintiff FIFER was not paid wages due him in timely fashion as required by A.R.S. §§ 23-351 and 23-353(A), and awarding him treble the amounts not timely paid, less any amounts paid prior to the entry of judgment;

B.     Finding that Defendant GAALSWYK engaged in a pattern of unlawful activity, and that he controlled and conducted the affairs of Defendant EES through racketeering, and awarding Plaintiff FIFER treble the amount of his resulting direct and consequential damages, plus his attorney's fees and costs of litigating his claim under the Arizona Anti-Racketeering Statute, pursuant to A.R.S. §13-2314.04 (A) and (D)(4);

16

C.    Declaring that Plaintiff FIFER was fraudulently induced to enter into and execute an Employment Agreement with Defendant EES by fraudulent misrepresentations made by Defendant GAALSWYK and that, as a result, said Employment Agreement was void *ab initio* and of no binding legal effect vis-à-vis Plaintiff FIFER, and/or that Plaintiff FIFER had the legal right to rescind said Employment Agreement and has effectively done so;

D.    Finding that the termination of Plaintiff Fifer's employment with EES was in retaliation for his having engaged in the protected activity of raising concerns about illegal conduct by Defendants, awarding Plaintiff his direct and consequential damages resulting from his unlawful termination, and awarding punitive damages in an amount sufficient to punish Defendants for their unlawful conduct and deter others from engaging in such conduct in the future;

E.    Awarding Plaintiff FIFER all taxable costs incurred by him in this action; and,

F.    Providing for such other and further relief as the Court deems just and proper in the circumstances.

DATED this 18th day of September, 2013.

WALKER & PESKIND, PLLC

By:/s/ Richard K. Walker
    Richard K. Walker
    16100 N. 71st Street, Suite 140
    Scottsdale, Arizona 85254-2236

*Attorney for Plaintiff*

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

17

VERIFICATION OF COMPLAINT

R. BRIAN FIFER, being first duly sworn upon his oath avows that he has read the Verified Complaint and the allegations contained therein are true and correct, based upon personal knowledge, except as to allegations made upon information and belief and as to such allegations I believe to be true.

DATED this 18th day of September, 2013.



R. BRIAN FIFER

Subscribed and sworn to before me, the undersigned Notary Public, this 18th day of September, 2013, by R. BRIAN FIFER.

Notary Public

MICHELLE GIORDANO
Notary Public - Arizona
Maricopa County
My Commission Expires
August 31, 2016

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

18

# EXHIBIT B

Richard Walker
Walker & Peskind, PLLC
16100 N. 71st Street
Suite 190
Scottsdale, AZ 85254-2274
(480) 483-6336
Bar No. 004159

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED

.14 JAN 15 PM 3: 57

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

R, Brian Fiffer,

               Plaintiff,

vs.

Easy Energy Systems, Inc.,

               Defendant.

Case Number: CV2013-054526

**AFFIDAVIT OF SERVICE**

Received by Southwest Delivery Solutions Inc. on the 20th day of September, 2013 at 12:58 pm to be served on **Mark Gaalswyk, 12 Lake Shore, Sherburne, MN**. I, ___Deputy Cory Ballard___, being duly sworn, depose and say that on the __3rd__ day of __January__, 2014 at __9:00__ pm., executed service by delivering a true copy of the **Summons, Complaint, Certificate of Arbritration** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving ___Denise Gaalswyk___ as
___Wife of Defendent___

( ) CORPORATE SERVICE: By serving _____ as
_____

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____

( ) NON SERVICE: For the reason detailed in the Comments below.


COMMENTS: _____
_____
_____

## AFFIDAVIT OF SERVICE for CV2013-054526

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___3rd___ day
of ___January___ , _2014_ by the affiant who is
personally known to me.

_Diane L. Brolsma_
NOTARY PUBLIC

DIANE L. BROLSMA
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 83734**
**Phoenix, AZ 85071**
**(602) 266-5577**
Our Job Serial Number: 2013000923
Ref: 1792-00

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

# EXHIBIT C

Richard Walker
Walker & Peskind, PLLC
16100 N. 71st Street
Suite 190
Scottsdale, AZ 85254-2274
(480) 483-6336
Bar No. 004159

MICHAEL K. JEANES, CLERK
BY
*D. Gum*
DEP.

FILED

14 JAN 15 PM 3: 57

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

R, Brian Fiffer,

Plaintiff,

Case Number: CV2013-054526

vs.

**AFFIDAVIT OF SERVICE**

Easy Energy Systems, Inc.,

Defendant.

Received by Southwest Delivery Solutions Inc. on the 20th day of September, 2013 at 12:58 pm to be served on **Easy Energy Systems, Inc.,, 102 Mill Street, Welcome, MN 56181**. I, __Deputy Chad Petschke__ , being duly sworn, depose and say that on the __9th__ day of __January__ , 20__14__ at __1:35__ p.m., executed service by delivering a true copy of the **Summons, Complaint, Certificate of Arbitration** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

( ) CORPORATE SERVICE: By serving __Mark Gaalswyk_____ as _____

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.


**COMMENTS:** _____
_____
_____
_____

## AFFIDAVIT OF SERVICE for CV2013-054526

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the __9th__ day of __January__, __2014__ by the affiant who is personally known to me.

*Diane L. Brolsma*
NOTARY PUBLIC



DIANE L. BROLSMA
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

*Deputy C. Petschke #4613*

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Southwest Delivery Solutions Inc.**
**Process Division**
**P O Box 83734**
**Phoenix, AZ 85071**
**(602) 266-5577**
Our Job Serial Number: 2013000922
Ref: 1792-00

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

# EXHIBIT D

Gary N. Lento, State Bar No. 028749
Damien R. Meyer, State Bar No. 021935
RIDENOUR, HIENTON & LEWIS, P.L.L.C.
201 North Central Avenue, Suite 3300
Phoenix, Arizona  85004-1052
(602) 254-9900; fax (602) 254-8670
Firm E-mail:  designatedcontact@rhlfirm.com
Attorney E-mail:      glento@rhlfirm.com
                                 dmeyer@rhlfirm.com

Attorneys for Defendants, EASY ENERGY SYSTEMS, INC., and MARK GAALSWYK

**SUPERIOR COURT OF THE STATE OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| R. BRIAN FIFER,<br><br>                    Plaintiff,<br>          v.<br><br>EASY ENERGY SYSTEMS, INC., a Minnesota corporation; MARK GAALSWYK, a resident of the State of Minnesota,<br><br>                    Defendants. | NO.  CV 2013-054526<br><br>**NOTICE OF REMOVAL**<br><br>(Assigned to Hon Thomas LeClaire)<br>_____ |

All Defendants hereby give notice of removal of the above-captioned action from the Superior Court of Arizona in Maricopa County, to the United States District Court for the District of Arizona.  Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further with this action unless remanded by the United States District Court for the District of Arizona.  A copy of the substantive Notice of Removal filed with the District Court is attached hereto as Exhibit "A".

/ / /

/ / /

/ / /

1

**RESPECTFULLY SUBMITTED** this 31st day of January, 2014.

**RIDENOUR, HIENTON & LEWIS, P.L.L.C.**

By     /s/ Gary N. Lento_____
**Gary N. Lento**
**Damien R. Meyer**
201 North Central Avenue, Suite 3300
Phoenix, Arizona  85004-1052
Attorneys for Defendants, EASY ENERGY SYSTEMS,
INC., and MARK GAALSWYK

ORIGINAL of the foregoing e-filed
this 31st day of January, 2014 and
copy sent Via E-Filing system to:

The Honorable

**ORIGINAL** of the foregoing
electronically filed this 31st day of
January, 2014, with:

The Honorable Thomas LeClaire

**COPY** mailed this date to:

Richard K. Walker
Roger S. Owens
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
*Attorneys for Plaintiff, R. BRIAN FIFER*

*/s/  DC Hatheway*

2

# EXHIBIT E

Superior Court of Arizona
In Maricopa County

# CV2013-054526

—(Please type or print)—

Plaintiff's Attorney:
Richard K. Walker, Esq.

Attorney's Bar Number: 004159

MICHAEL K. JEANES, CLERK
BY K. Javen
DEP

FILED

13 SEP 18  PM 5: 30

Is Interpreter Needed?  ☐ Yes  ☒ No

If yes, what language: _____

To the best of my knowledge, all information is true and correct.

Richard K Walker

Attorney/Pro Per Signature (if no attorney, YOUR signature)

Plaintiff's Name(s):  (List all)

R. Brian Fifer

Plaintiff's Address:
16100 N. 71st Street, Ste. 140
Scottsdale, AZ 85254

(List additional plaintiffs on page two and/or attach a separate sheet.)

Defendant's Name(s):  (List all.)

Easy Energy Systems, Inc.; Mark Gaalswyk

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:
(if applicable)
☐ Temporary Restraining Order
☐ OSC – Order to Show Cause
☐ Employer Sanction
☐ Provisional Remedy
☐ Election Challenge
☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY. (Mark appropriate box under Nature of Action).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, in addition to the Nature of Action case category).

## NATURE OF ACTION

(Place an "X" next to the one case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O  ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☒ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
☐ 136 Six to Nineteen Structures
☐ 137 Twenty or More Structures

**150-199  OTHER CIVIL CASE TYPES:**

☐156 Eminent Domain/Condemnation

☐151 Eviction Actions (Forcible and Special Detainers)

☐152 Change of Name

☐153 Transcript of Judgment

☐154 Foreign Judgment

☐158 Quiet Title

☐160 Forfeiture

☐175 Election Challenge

☐179 Employer Sanction Action (A.R.S. §23-212)

☐180 Injunction against Workplace Harassment

☐181 Injunction against Harassment

☐182 Civil Penalty

☐186 Water Rights (Not General Stream  Adjudication)

☐187 Real Property

☐Sexually Violent Persons (A.R.S. §36-3704)

    (Except Maricopa County)

☐Minor Abortion (See Juvenile in Maricopa County)

☐Special Action Against Lower Courts

    (See lower court appeal cover sheet in Maricopa)

☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**

☐Administrative Review

    (See lower court appeal cover sheet in Maricopa)

☐150 Tax Appeal

(All other tax matters must be filed in the AZ Tax Court)

Case No. _____

☐155 Declaratory Judgment

☐157 Habeas Corpus

☐184 Landlord Tenant Dispute - Other

☐159 Restoration of Civil Rights (Federal)

☐159 Clearance of Records (A.R.S. §13-4051)

☐190 Declaration of Factual Innocence(A.R.S.§12-771)

☐191 Declaration of Factual Improper Party Status

☐193 Vulnerable Adult (A.R.S. §46-451)

☐165 Tribal Judgment

☐167 Structured Settlement (A.R.S. §12-2901)

☐169 Attorney Conservatorships (State Bar)

☐170 Unauthorized Practice of Law (State Bar)

☐171 Out-of-State Deposition for Foreign Jurisdiction

☐172 Secure Attendance of Prisoner

☐173 Assurance of Discontinuance

☐174 In-State Deposition for Foreign Jurisdiction

☐176 Eminent Domain—Light Rail Only

☐177 Interpleader— Automobile Only

☐178 Delayed Birth Certificate (A.R.S. §36-333.03)

☐183 Employment Dispute - Discrimination

☐185 Employment Dispute - Other

☐163 Other

_____

_____

(Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

☐ Antitrust/Trade Regulation

☐ Construction Defect with many parties or structures

☐ Mass Tort

☐ Securities Litigation with many parties

☐ Environmental Toxic Tort with many parties

☐ Class Action Claims

☐ Insurance Coverage Claims arising from the above-listed case types

☐ A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

1  Richard K. Walker, SBN 004159
2  Roger S. Owers, SBN 022965
   **WALKER & PESKIND, PLLC**
3  16100 N. 71st Street, Suite 140
   Scottsdale, Arizona 85254-2236
4  *rkw@azlawpartner.com*
5  *rso@azlawpartner.com*
   Phone: (480) 483-6336
6  Facsimile: (480) 483-6337

7  *Counsel for Plaintiff*

   ```
   ORIGINAL
   ```

8

               IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9

                   IN AND FOR THE COUNTY OF MARICOPA
10

11
   R. BRIAN FIFER,                        CASE NO.: CV2013-054526
12
            Plaintiff,
13
   vs.                                    SUMMONS would like legal advice from a lawyer
14                                         contact the Lawyer Referral Service at
   EASY ENERGY SYSTEMS, INC., a
15 Minnesota corporation; MARK                        602-257-4434
   GAALSWYK, a resident of the State of                   or
16 Minnesota,                                     www.lawyerfinders.org
17            Defendants.                  [Assigned to   Sponsored by the
                                                          Maricopa County Bar Association]
18

19

20 THE STATE OF ARIZONA TO THE DEFENDANT:

21     **EASY ENERGY SYSTEMS, INC., c/o MARK GAALSWYK, 102 Mill Street,**
22
   **Welcome, Minnesota 56181:**
23
24 1.     A lawsuit has been filed against you. A copy of the lawsuit and other court papers

25 are served on you with this *"Summons"*.

26 2.     If you do not want a judgment or order taken against you without your input, you
27
   must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee.
28
   If you do not file an *"Answer"* or *"Response"* the other party may be given the relief

*(left margin, vertical text)* **WALKER & PESKIND, PLLC**  Attorneys and Counselors  16100 North 71st Street, Suite 140  Scottsdale, AZ 85254  Telephone: (480) 483-6336

requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or the Office of the Clerk of the Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane, Surprise, Arizona 85374. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3.      If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.      You can get a copy of the court papers filed in this case from the Plaintiff/Attorney listed at the address at the top of this paper, or from the Clerk of the Superior Court's Customer Service Center at 601 W. Jackson, Phoenix, Arizona 85003 or at 222 E. Javelina Drive, Mesa, Arizona 85210.

2

1   5.   Requests for reasonable accommodation for person with disabilities must be made

2   to the office of the judge or commissioner assigned to the case, at least five (5) days

3   before your scheduled court date.                    SEP 1 8 2013

4

5   SIGNED AND SEALED this date: _____

6                                    MICHAEL K. JEANES, CLERK

7

8                                 Clerk of the Court

9

10

11

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL K. JEANES
Clerk of the Superior Court
By Kathryn Lavery, Deputy
Date 09/18/2013 Time 16:37:01
Description Amount
CASE# CV2013-054526
CIVIL NEW COMPLAINT 319.00
TOTAL AMOUNT 319.00
Receipt# 23255313

Richard K. Walker, SBN 004159
Roger S. Owers, SBN 022965
**WALKER & PESKIND, PLLC**
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
rkw@azlawpartner.com
rso@azlawpartner.com
Phone: (480) 483-6336
Facsimile: (480) 483-6337

*Counsel for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| R. BRIAN FIFER, Plaintiff, vs. EASY ENERGY SYSTEMS, INC., a Minnesota corporation; MARK GAALSWYK, a resident of the State of Minnesota, Defendants. | CASE NO.: CV2013-054526<br><br>**COMPLAINT**<br><br>[Assigned to ______________] |

Plaintiff, R. BRIAN FIFER, through his attorneys undersigned, as and for his claims for relief against Defendants, alleges as follows:

**THE PARTIES**

1. Plaintiff R. BRIAN FIFER ("FIFER"), is, and at all times pertinent was, a resident of Maricopa County, Arizona.

2. On information and belief, Defendant EASY ENERGY SYSTEMS, INC. ("EES"), is a Minnesota corporation that, at all times pertinent, was duly registered with

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

the Arizona Corporation Commission, had its corporate headquarters and principal place of business in Arizona, and regularly conducted business in Arizona. EES is in the business of developing small-scale, modular, biorefinery technology for the use of enzymatic processes to convert certain feedstocks to ethanol.

3.      On information and belief, Defendant MARK GAALSWYK ("GAALSWYK") is, and at all times pertinent was, a resident of the State of Minnesota, with a part-time residence in Scottsdale, Arizona, who on information and belief is, and at all times pertinent was, also a Director, Chairman of the Board of Directors, and the majority shareholder in EES.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this case pursuant to the Arizona Constitution and A.R.S. § 12-123.

5.      The Court has personal jurisdiction over Defendant EES pursuant to Rule 4.2(a) of the Arizona Rules of Civil Procedure, and by virtue of the facts that it has availed itself of the privilege of conducting activities within the State of Arizona, thereby invoking the benefits and protections of the laws of this State. In addition, EES purposefully directed activities within the State of Arizona and consummated transactions within the State and with certain of its residents, including Plaintiff FIFER.

6.      The Court has personal jurisdiction over Defendant GAALSWYK pursuant to Rule 4.2(a) of the Arizona Rules of Civil Procedure, and by virtue of the facts that he has availed himself of the privilege of conducting activities within the State of Arizona, thereby invoking the benefits and protections of the laws of this State. In addition,

2

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

GAALSWYK purposefully directed activities within the State of Arizona and consummated transactions within the State and with certain of its residents, including Plaintiff FIFER.

7.     Venue is proper in Maricopa County pursuant to A.R.S. § 12-401.

## GENERAL ALLEGATIONS

8.     Beginning on or about June 13, 2011, Plaintiff FIFER was employed by Defendant EES in the capacity of its Executive Vice President, Finance and Chief Financial Officer.

9.     EES, through GAALSWYK, agreed that Plaintiff FIFER's initial base salary would be $65,000 per year, with increases to come into effect upon EES's reaching certain equity funding milestones, or upon the occurrence of certain sales of EES's technology.

10.     EES, through GAALSWYK, agreed to further compensation for Plaintiff FIFER that included, *inter alia*, approximately 2,000,000 shares of phantom EES stock.

11.     Plaintiff FIFER was induced to take the position of Executive Vice President and CFO with EES, despite having other opportunities that would have been more lucrative in the near term, primarily on the strength of certain representations made by Defendant GAALSWYK.

12.     The representations by GAALSWYK that figured materially in Plaintiff FIFER's decision to become employed by EES included statements that he was in a position to fund EES at the level of $150,000 per month "indefinitely." Such statements were made by GAALSWYK to, or in the presence of, Plaintiff FIFER on several

3

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

occasions, including but not limited to June 13, 2011, and numerous further occasions thereafter in the period June 2011 to September 2011.

13.     Further representations made by GAALSWYK that materially influenced FIFER's decision to enter into an employment relationship with EES were statements that EES technology had been tested and confirmed to be able to convert profitably more than forty (40) different feedstocks, in addition to corn, into ethanol.  Such statements were communicated by GAALSWYK to, or in the presence of, FIFER on several occasions, including but not limited to June 13, 2011, and numerous further occasions thereafter throughout the remainder of 2011.

14.     Further representations made by GAALSWYK that materially influenced FIFER's decision to become an employee of EES included assertions that EES had agreements with over twenty (20) enzyme producers, pursuant to which EES had acquired the right to use the enzymes produced by such manufacturers to convert various feedstocks into ethanol.  Such statements were communicated by GAALSWYK to, or in the presence of, FIFER on several occasions, including but not limited to June 13, 2011, and numerous further occasions throughout the remainder of 2011 and in the first five months of 2012.

15.     On June 13, 2011, and on at least two further occasions between that date and June 30, 2011, GAALSWYK represented to, or in the presence of, Plaintiff FIFER that $20 million in funding had been secured to implement Defendant EES's Business Plan, and that half of that amount would be available by June 30, 2011, to support the Company's operations.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

4

16.     GAALSWYK further represented to Plaintiff FIFER on June 13, 2011, that, because of the financing sources that had been secured to support Defendant EES's operations, there would be a period of no more than ninety (90) days during which FIFER would be compensated at the reduced initial salary level specified in his Employment Agreement ($65,000), after which he would receive a base salary at the substantially increased rates specified in his Employment Agreement to take effect upon Defendant EES's receipt of specified amounts of equity funding.

17.     GAALSWYK further represented to, or in the presence of, Plaintiff FIFER on June 13, 2011, and on numerous further occasions between that date and September 30, 2011, that there were more than one thousand (1,000) quotations outstanding for sales to interested customers, more than half of which would result in sales to be closed within a matter of a few months.

18.     GAALSWYK further represented to, or in the presence of, Plaintiff FIFER on June 13, 2011, that GAALSWYK had invested over $5 million in capital in Defendant EES as of that date.

19.     GAALSWYK further represented to, or in the presence of, Plaintiff FIFER on June 13, 2011, and on numerous further occasions during the three months thereafter, that a demonstration plant owned by Defendant EES and located in Emmitsburg, Iowa ("Emmitsburg Plant"), was operating in batch mode and that, with the further investment of $300,000, which GALLSWYK represented would be forthcoming within a few months from various governmental granting agencies and his own resources, the plant

5

would be able to operate in full production mode around the clock, producing $150,000 each month in operating profits to fund the operations of EES.

20.     Each and every one of the representations set forth in Paragraphs 12-19 above was false, and were either known by GAALSWYK at the time to be false or made in reckless disregard of their truth or falsity.

21.     All of the representations made by GAALSWYK as set forth in Paragraphs 12-19 above were made by him with the intention that Plaintiff FIFER, among others, would act in reliance on them, and Plaintiff FIFER did in fact reasonably rely on them to his detriment.

22.     During Plaintiff FIFER's tenure with EES, payroll periods ended bi-weekly on Saturday, and paydays were set for the subsequent Friday.

23.     Beginning in or about March of 2013, FIFER and others in the EES Senior Management Team (then including the Chief Executive Officer, the President, and the Vice President for Sales) began to question GAALSWYK about evidence of his misappropriation of EES monies, and the accuracy of representations he had made as to his ability to fund EES's operations, the feedstocks that had been tested and had proven capable of being profitably converted to ethanol, the number of agreements EES was purported to have with enzyme manufacturers, the amount of capital GAALSWYK had actually invested in Defendant EES, the status and capacity of the Emmitsburg Plant.

24.     In or about March of 2013, FIFER and others on the Senior Management Team expressly informed GAALSWYK that they thought he had been engaged in various forms of illegal activity, including embezzlement of EES funds and a scheme or

6

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

artifice to defraud members of the Senior Management Team, EES shareholders, and creditors.

25.     On or about May 21, 2013, FIFER, along with all other members of the Senior Management Team, received a letter from GAALSWYK announcing that he was placing all of them on "leave of absence."  In conjunction therewith, GAALSWYK had, without prior notice, packed up the contents of the Scottsdale, Arizona offices of the members of the Senior Management Team, including all hard copy files and all computers with electronically stored information, and had arranged to have them shipped to Minnesota.  The items thus removed from FIFER's office included personal items and documents.

26.     Within a few days of having received the aforementioned May 21, 2013, letter from GAALSWYK, FIFER and the other members of the Senior Management Team notified GAALSWYK that they considered their employment relationships to have been terminated.  At no point did GAALSWYK or any other representative of EES contact FIFER or any of the other members of the Senior Management Team to inform them that, in fact, their employment had not been terminated.

27.     On June 12, 2013, FIFER and the other members of the Senior Management Team received letters from GAALSWYK informing them that, in his "capacity as a director on EES's Board," he was notifying them that they were being terminated without cause from their officer positions with EES.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

7

**FIRST CLAIM FOR RELIEF**
(Arizona Wage Payment Statute, A.R.S. §§ 23-350, *et seq.*)

28.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-27 above and, in particular, Paragraphs 8-9, 22 and 25-27 of this Complaint that are most directly relevant to this First Claim for Relief.

29.     During the course of Plaintiff FIFER's employment with EES, he was not timely paid wages, as that term is defined in A.R.S. § 23-350(6), due him as required by A.R.S. §§23-351. Payroll records for EES are in the sole possession of Defendants, who are in a much better position than Plaintiff to identify the specific dates when this occurred, but Plaintiff believes and avers that it occurred on at least ten (10) separate occasions during the last 12 months of his employment with EES.

30.     Plaintiff FIFER was also not timely paid wages, as that term is defined in A.R.S. § 23-350(6), due him upon the termination of his employment as required by A.R.S. § 23-353(A).

31.     For each and every occasion when Plaintiff FIFER was not paid in timely fashion as hereinbefore alleged, he is entitled to recover, pursuant to A.R.S. § 23-355, an amount equal to treble the amount of the wages not paid as required by A.R.S. §§ 23-351 and 23-353(A), less the amount of any untimely payments made in the interim.

**SECOND CLAIM FOR RELIEF**
(Arizona Anti-Racketeering Statute, A.R.S. §§ 13-2301, *et seq.*)

32.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-31 above and, in particular, Paragraphs 11-21 and 23-24 of this Complaint that are most directly relevant to this Second Claim for Relief.

8

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

33.     Defendant GAALSWYK enticed Plaintiff FIFER and the other members of the Senior Management Team to join EES, and to remain in EES's employ, with representations made by GAALSWYK that: (a) GAALSWYK was in a position to finance the Company's operations at the level of $150,000 per month "indefinitely;" (b) EES technology had been tested and confirmed to be able to convert profitably several different feedstocks, in addition to corn, into ethanol; (c) EES had agreements with over twenty (20) enzyme producers, pursuant to which EES had acquired the right to use the enzymes produced by such manufacturers to convert various feedstocks into ethanol; (d) $20 million in funding had been secured to implement Defendant EES's business plan, and $10 million of that amount would be available to fund the Company's operations by June 30, 2011; (e) because of the ready availability of funding, Plaintiff FIFER would need to wait no more than ninety (90) days from when he commenced his employment with EES to start receiving a base salary amount significantly greater than the $65,000 per year he was receiving to start; (f) there were more than 1,000 quotations out to interested customers, more than half of which would result in consummated sales within a few months; (g) GAALSWYK had invested over $5 million in capital in Defendant EES; and (h) improvements were to be made to the Emmitsburg Plant that, within a few months, would enable it to operate in full production mode around the clock, producing $150,000 each month in revenues to fund the operations of EES.  Each and every one of these representations was false, and known by GAALSWYK to be false at the time he made them or were made by him in reckless disregard of their truth or falsity, but FIFER and other members of the Senior Management Team to whom they were made were

9

unaware of their falsity.  These false representations constituted, and were made in furtherance of, a scheme or artifice to defraud for financial gain within the meaning of A.R.S. §§ 13-2301(D)(4)(b)(xx) and 13-2310(A).

34.   GAALSWYK on numerous occasions diverted, without lawful authorization, corporate funds of EES in amounts cumulatively in excess of $25,000, which he then converted and expended for purposes to benefit himself and/or Easy Automation, Inc. ("EAI"), another company in which GAALSWYK is, and was at all times pertinent, the sole or majority shareholder.  In thus misappropriating EES corporate funds, GAALSWYK engaged in theft for financial gain within the meaning of A.R.S. §§ 13-1802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v).

35.   GAALSWYK also diverted, without lawful authorization, in excess of $300,000 in investor monies that had been specifically earmarked by EES's Senior Management Team for the payment of federal and State payroll and withholding taxes, causing those taxes to go unpaid during the entire tenure of Plaintiff FIFER's employment with EES.  This misappropriation of EES corporate funds also constituted theft for financial gain within the meaning of A.R.S. §§ 13-802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v). GAALSWYK also diverted, without lawful authorization, approximately $300,000 in loan proceeds that had been earmarked for the purchase of specifically identified equipment for improvement of the Emmitsburg Plant, falsely representing to the lender that the aforementioned equipment had been purchased.  This misappropriation of EES corporate funds also constituted theft for financial gain within the meaning of A.R.S. §§ 13-802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v).  In

10

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

addition GAALSWYK's false representation to the lender that the loan proceeds had been used to purchase equipment that was not, in fact, purchased constituted a further false representation made in furtherance of a scheme or artifice to defraud for financial gain within the meaning of A.R.S. §§ 13-2301(D)(4)(b)(xx) and 13-2310(A).

36.     GAALSWYK also diverted, without lawful authorization, approximately $150,000 in monies that were the subject of a grant from Iowa Power Fund specifically for the purchase of storage tanks for the Emmitsburg Plant that were, in fact, never purchased.  Upon information and belief GAALSWYK has falsely represented to the Iowa Power Fund on one or more occasions that the storage tanks had been purchased. This misappropriation of EES grant monies from the Iowa Power Fund also constituted theft for financial gain within the meaning of A.R.S. §§ 13-802(A)(1), (2), and (3), and 13-2301(D)(4)(b)(v).  In addition GAALSWYK's false representations to the Iowa Power Fund that the grant monies had been used to purchase storage tanks would constitute a further false representation made in furtherance of a scheme or artifice to defraud for financial gain within the meaning of A.R.S. §§ 13-2301(D)(4)(b)(xx) and 13-2310(A).

37.     GAALSWYK's conduct in participating in and perpetuating a scheme or artifice to defraud, and in committing the theft of EES corporate funds, as hereinbefore alleged, constituted "racketeering," within the meaning of A.R.S. §§ 13-2301(D)(4).

38.     GAALSWYK's actions in participating and perpetuating a scheme or artifice to defraud, and in committing the theft of EES corporate funds, as hereinbefore alleged, were numerous and continuous in nature, and they continued over a period of

11

1   more than two (2) years beginning in or about early 2011, thus constituting a pattern of

2   unlawful activity within the meaning of A.R.S. § 23-1314.04(S) and (T)(3).

3

4        39.     EES constitutes an "enterprise," within the meaning of A.R.S. § 13-

5   2301(D)(2).

6        40.     Through the pattern of unlawful activity hereinbefore alleged,

7   GAALSWYK acquired and maintained illegal control of EES, within the meaning of

8   A.R.S. § 2312(A).

9

10       41.     Through the pattern of unlawful activity hereinbefore alleged,

11  GAALSWYK conducted the affairs of EES through racketeering, within the meaning of

12  A.R.S. § 2312(B).

13       42.     Plaintiff FIFER suffered injury to his business, person, and property as a

14  direct and proximate result of the pattern of unlawful activity engaged in by

15  GAALSWYK as hereinbefore alleged, in the form of lost income, losses in the value of

16  the phantom stock issued to him by EES, and lost opportunities for gainful employment

17  and business ventures in an amount to be proven at trial, but currently estimated to be not

18  less than $1,000,000.

19

20

21       43.     Plaintiff FIFER suffered injury to his business, person, and property as a

22  direct and proximate result of GAALSWYK's controlling and conducting the affairs of

23  EES through racketeering as hereinbefore alleged, in the form of lost income, losses in

24  the value of the phantom stock issued to him by EES, and lost opportunities for gainful

25  employment and business ventures in an amount to be proven at trial, but currently

26  estimated to be not less than $1,000,000.

27

28

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

44.     Plaintiff FIFER is entitled, pursuant to A.R.S. § 13-2314.04(A) and (D)(4)

and (5), to recover treble the amount of his direct and consequential damages, plus his

costs and attorney's fees in prosecuting this claim.

45.     In compliance with the requirements of A.R.S. § 13-2314.04(H), Plaintiff

FIFER has, contemporaneous with the filing of this Complaint, caused notice to be

provided to the Attorney General of the State of Arizona of this claim, along with a copy

of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment/Rescission)

46.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-45 above

and, in particular, Paragraphs 11-21 of this Complaint that are most directly relevant to

this Third Claim for Relief.

47.     Defendant GAALSWYK enticed FIFER and the other members of the

Senior Management Team to sign Employment Agreements with EES with knowingly

false and fraudulent representations made by GAALSWYK that: (a) GAALSWYK was

in a position to finance the Company's operations at the level of $150,000 per month

"indefinitely;"  (b) EES technology had been tested and confirmed to be able to convert

profitably several different feedstocks, in addition to corn, into ethanol; (c) EES had

agreements with over twenty (20) enzyme producers, pursuant to which EES had

acquired the right to use the enzymes produced by such manufacturers to convert various

feedstocks into ethanol; (d) $20 million in funding had been secured to implement

Defendant EES's business plan, and $10 million of that amount would be available to

13

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

fund the Company's operations by June 30, 2011; (e) because of the ready availability of funding, Plaintiff FIFER would need to wait no more than ninety (90) days from when he commenced his employment with EES to start receiving a base salary amount significantly greater than the $65,000 per year he was receiving to start; (f) there were more than 1,000 quotations out to interested customers, more than half of which would result in consummated sales within a few months; (g) GAALSWYK had invested over $5 million in capital in Defendant EES; and (h) improvements were to be made to the Emmitsburg Plant that, within a few months, would enable it to operate in full production mode around the clock, producing $150,000 each month in operating profits to fund the operations of EES. Each and every one of these representations was false, and known by GAALSWYK to be false at the time he made them or made in reckless disregard for their truth or falsity, but Plaintiff FIFER and other members of the Senior Management Team to whom such false representations were made were unaware of their falsity.

48.     Plaintiff FIFER reasonably relied to his detriment upon the false and fraudulent representations used by GAALSWYK to induce FIFER and other members of the Senior Management Team to sign Employment Agreements.

49.     In light of the false and fraudulent representations employed by GAALSWYK to entice Plaintiff FIFER to sign an Employment Agreement with EES, FIFER is entitled to a declaration from this Court that said Employment Agreement was void *ab initio*, it has no binding effect on FIFER, and its terms cannot be enforced against him.

14

50.     Alternatively, as a result of the false and fraudulent representations used by GAALSWYK to induce Plaintiff FIFER to sign an Employment Agreement with EES, FIFER is entitled to a declaration from this Court that he had the right to rescind said Employment Agreement, and that he has effectively done so.

## FOURTH CLAIM FOR RELIEF
### (Arizona Employment Protection Act, A.R.S. § 23-1501)

51.     Plaintiff incorporates – as if fully restated herein – Paragraphs 1-50 above and, in particular, Paragraphs 23-27 of this Complaint that are most directly relevant to this Fourth Claim for Relief.

52.     Defendants terminated Plaintiff FIFER's employment with EES in retaliation for his having disclosed, along with other members of the Senior Management Team, a reasonable belief that GAALSWYK was involved in the theft of EES's corporate funds and a scheme or artifice to defraud the members of the Senior Management Team and the Company's investors and creditors, both of which constitute violations of Arizona criminal statutes.

53.     The disclosure by Plaintiff FIFER and others of their belief that GAALSWYK and, through him, EES were involved in illegal activities, was made to GAALSWYK, who was Chairman of the Board of Directors of EES and had the authority to investigate and take further action to bring about the cessation of such illegal conduct, or to assign responsibility for the investigation and any further appropriate action to a committee of the Board of Directors.

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

15

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

54. The termination of Plaintiff FIFER's employment with EES in retaliation for his having raised concerns about GAALSWYK's illegal conduct violated A.R.S. §23-1501(3)(c)(ii).

55. As a result of the retaliatory and unlawful termination of Plaintiff FIFER's employment with EES, he has suffered damages in an amount to be determined at trial.

56. In unlawfully terminating Plaintiff FIFER's employment in retaliation for his activities in raising concerns about illegal conduct as hereinbefore alleged, Defendants acted maliciously and with an evil hand guided by an evil mind. Accordingly, Plaintiff FIFER is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their unlawful conduct and to deter similar conduct by others in the future.

WHEREFORE, Plaintiff FIFER respectfully demands judgment against Defendants, and each of them, as follows:

A. Finding that Plaintiff FIFER was not paid wages due him in timely fashion as required by A.R.S. §§ 23-351 and 23-353(A), and awarding him treble the amounts not timely paid, less any amounts paid prior to the entry of judgment;

B. Finding that Defendant GAALSWYK engaged in a pattern of unlawful activity, and that he controlled and conducted the affairs of Defendant EES through racketeering, and awarding Plaintiff FIFER treble the amount of his resulting direct and consequential damages, plus his attorney's fees and costs of litigating his claim under the Arizona Anti-Racketeering Statute, pursuant to A.R.S. §13-2314.04 (A) and (D)(4);

16

C.    Declaring that Plaintiff FIFER was fraudulently induced to enter into and execute an Employment Agreement with Defendant EES by fraudulent misrepresentations made by Defendant GAALSWYK and that, as a result, said Employment Agreement was void *ab initio* and of no binding legal effect vis-à-vis Plaintiff FIFER, and/or that Plaintiff FIFER had the legal right to rescind said Employment Agreement and has effectively done so;

D.    Finding that the termination of Plaintiff Fifer's employment with EES was in retaliation for his having engaged in the protected activity of raising concerns about illegal conduct by Defendants, awarding Plaintiff his direct and consequential damages resulting from his unlawful termination, and awarding punitive damages in an amount sufficient to punish Defendants for their unlawful conduct and deter others from engaging in such conduct in the future;

E.    Awarding Plaintiff FIFER all taxable costs incurred by him in this action; and,

F.    Providing for such other and further relief as the Court deems just and proper in the circumstances.

DATED this 18th day of September, 2013.

WALKER & PESKIND, PLLC

By:/s/ Richard K. Walker
    Richard K. Walker
    16100 N. 71st Street, Suite 140
    Scottsdale, Arizona 85254-2236

*Attorney for Plaintiff*

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

17

VERIFICATION OF COMPLAINT

R. BRIAN FIFER, being first duly sworn upon his oath avows that he has read the Verified Complaint and the allegations contained therein are true and correct, based upon personal knowledge, except as to allegations made upon information and belief and as to such allegations I believe to be true.

DATED this 18th day of September, 2013.



R. BRIAN FIFER

Subscribed and sworn to before me, the undersigned Notary Public, this 18th day of September, 2013, by R. BRIAN FIFER.

Notary Public

MICHELLE GIORDANO
Notary Public - Arizona
Maricopa County
My Commission Expires
August 31, 2016

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

18

MICHAEL K. JEANES, CLERK
BY K. Javen
DEP
FILED

13 SEP 18 PM 4: 38

Richard K. Walker, SBN 004159
Roger S. Owers, SBN 022965
**WALKER & PESKIND, PLLC**
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
*rkw@azlawpartner.com*
*rso@azlawpartner.com*
Phone: (480) 483-6336
Facsimile: (480) 483-6337

*Counsel for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| R. BRIAN FIFER,<br><br>            Plaintiff,<br><br>vs.<br><br>EASY ENERGY SYSTEMS, INC., a Minnesota corporation; MARK GAALSWYK, a resident of the State of Minnesota,<br><br>            Defendants. | CASE NO.:  CV2013-054526<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION**<br><br><br>[Assigned to _____] |

The undersigned certifies that Plaintiff does seek affirmative relief other than a money judgment.  The largest award sought by the Complaint, including punitive damages, but excluding interest, attorneys' fees, and costs exceeds the limits set by Local Rule for compulsory arbitration.  Accordingly, this case is not subject to the Uniform Rules of Procedure for Arbitration.

**WALKER & PESKIND, PLLC**
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

1

DATED this 18th day of September, 2013.

2

3                                    WALKER & PESKIND, PLLC

4                                    By:/s/ Richard K. Walker
                                        Richard K. Walker
5                                       16100 N. 71st Street, Suite 140
                                        Scottsdale, Arizona 85254-2236
6
                                     *Attorney for Plaintiff*
7

8

9

10

11

WALKER & PESKIND, PLLC
Attorneys and Counselors
16100 North 71st Street, Suite 140
Scottsdale, AZ 85254
Telephone: (480) 483-6336

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          2

| Office Distribution | **SUPERIOR COURT OF ARIZONA**<br>**MARICOPA COUNTY** | \*\*FILED\*\*<br>12/25/2013<br>by Superior Court Admin<br>on behalf of Clerk of the<br>Superior Court |
|---|---|---|

12/21/2013

**COURT ADMINISTRATION**

Ct. Admin
Deputy

**Case Number: CV2013-054526**

**R Brian Fifer**

**V.**

**Easy Energy Systems Inc**

The Judge assigned to this action is the Honorable Thomas LeClaire

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 09/18/2013 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 01/16/2014. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
### Case Number: CV2013-054526

| Party Name | Attorney Name | |
|---|---|---|
| R Brian Fifer | Richard K Walker | Bar ID: 004159 |

Richard Walker
Walker & Peskind, PLLC
16100 N. 71st Street
Suite 190
Scottsdale, AZ 85254-2274
(480) 483-6336
Bar No. 004159

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED

.14  JAN 15  PM 3: 57

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

R, Brian Fiffer,

                                    Plaintiff,

                                         Case Number: CV2013-054526

vs.                                      **AFFIDAVIT OF SERVICE**

Easy Energy Systems, Inc.,

                                    Defendant.

Received by Southwest Delivery Solutions Inc. on the 20th day of September, 2013 at 12:58 pm to be served on **Mark Gaalswyk, 12 Lake Shore, Sherburne, MN**. I, __Deputy Cory Ballard__, being duly sworn, depose and say that on the __3rd__ day of __January__, 2014 at __9:00__ pm., executed service by delivering a true copy of the **Summons, Complaint, Certificate of Arbirtration** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving __Denise Gaalswyk__ as _____
__Wife of Defendent__ _____

( ) CORPORATE SERVICE: By serving _____ as _____
_____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____
_____.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____

## AFFIDAVIT OF SERVICE for CV2013-054526

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the ___3rd___ day
of ___January___ , ___2014___ by the affiant who is
personally known to me.

*Diane L. Brolsma*
NOTARY PUBLIC

DIANE L. BROLSMA
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 83734
Phoenix, AZ 85071
**(602) 266-5577**
Our Job Serial Number: 2013000923
Ref: 1792-00

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

Richard Walker
Walker & Peskind, PLLC
16100 N. 71st Street
Suite 190
Scottsdale, AZ 85254-2274
(480) 483-6336
Bar No. 004159

MICHAEL K. JEANES, CLERK
BY
FILED

14 JAN 15 PM 3: 57

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**R, Brian Fiffer,**

Plaintiff,

Case Number: CV2013-054526

vs.

**AFFIDAVIT OF SERVICE**

**Easy Energy Systems, Inc.,**

Defendant.

Received by Southwest Delivery Solutions Inc. on the 20th day of September, 2013 at 12:58 pm to be served on **Easy Energy Systems, Inc.,, 102 Mill Street, Welcome, MN 56181.** I, __Deputy Chad Petschke__ , being duly sworn, depose and say that on the __9th__ day of __January__ , 20__14__ at __1:35__ p.m., executed service by delivering a true copy of the **Summons, Complaint, Certificate of Arbitration** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____

( ) CORPORATE SERVICE: By serving __Mark Gaalswyk__ as _____

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____

## AFFIDAVIT OF SERVICE for CV2013-054526

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.



PROCESS SERVER # _____
Appointed in accordance with State Statutes

Subscribed and Sworn to before me on the _9th_ day of ___January___ , _2014_ by the affiant who is personally known to me.

NOTARY PUBLIC

DIANE L. BROLSMA
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

**Southwest Delivery Solutions Inc.**
**Process Division**
P O Box 83734
Phoenix, AZ 85071
**(602) 266-5577**
Our Job Serial Number: 2013000922
Ref: 1792-00

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

# EXHIBIT F

Gary N. Lento, State Bar No. 028749
Damien R. Meyer, State Bar No. 021935
RIDENOUR, HIENTON & LEWIS, P.L.L.C.
201 North Central Avenue, Suite 3300
Phoenix, Arizona  85004-1052
(602) 254-9900; fax (602) 254-8670
Firm E-mail:  designatedcontact@rhlfirm.com
Attorney E-mail:      glento@rhlfirm.com
                              dmeyer@rhlfirm.com

Attorneys for Defendants, EASY ENERGY SYSTEMS, INC., and MARK GAALSWYK

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| R. BRIAN FIFER,<br><br>            Plaintiff,<br>      v.<br><br>EASY ENERGY SYSTEMS, INC., a Minnesota corporation; MARK GAALSWYK, a resident of the State of Minnesota,<br><br>            Defendants. | NO.  CV 2013-054526<br><br>**NOTICE OF REMOVAL**<br><br>(Assigned to Hon Thomas LeClaire)<br>_____ |

All Defendants hereby give notice of removal of the above-captioned action from the Superior Court of Arizona in Maricopa County, to the United States District Court for the District of Arizona.  Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further with this action unless remanded by the United States District Court for the District of Arizona.  A copy of the Notice of Removal filed with the District Court is attached hereto as Exhibit "A" (excluding internal Exhibits A through E, inclusive, which consist solely of the Superior Court's file).

/ / /

/ / /

1

**RESPECTFULLY SUBMITTED** this 31st day of January, 2014.

**RIDENOUR, HIENTON & LEWIS, P.L.L.C.**

By   /s/ Gary N. Lento _____
**Gary N. Lento**
**Damien R. Meyer**
201 North Central Avenue, Suite 3300
Phoenix, Arizona  85004-1052
Attorneys for Defendants, EASY ENERGY SYSTEMS, INC., and MARK GAALSWYK

ORIGINAL of the foregoing e-filed
this 31st day of January, 2014 and
copy sent Via E-Filing system to:

The Honorable

**ORIGINAL** of the foregoing
electronically filed this 31st day of
January, 2014, with:

The Honorable Thomas LeClaire

**COPY** mailed this date to:

Richard K. Walker
Roger S. Owens
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
*Attorneys for Plaintiff, R. BRIAN FIFER*


/s/  DC Hatheway

2