Gary N. Lento, State Bar No. 028749
Damien R. Meyer, State Bar No. 021935
RIDENOUR, HIENTON & LEWIS, P.L.L.C.
201 North Central Avenue, Suite 3300
Phoenix, Arizona  85004-1052
(602) 254-9900; fax (602) 254-8670
Firm E-mail: designatedcontact@rhlfirm.com
Attorney E-mail:    glento@rhlfirm.com
                    dmeyer@rhlfirm.com

Attorneys for Defendants, EASY ENERGY SYSTEMS, INC., and MARK GAALSWYK

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| R. BRIAN FIFER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EASY ENERGY SYSTEMS, INC., a Minnesota corporation; MARK GAALSWYK, a resident of the State of Minnesota,<br><br>　　　　Defendants. | Case No. 14-CV-00188 DGC<br><br>**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6); and MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*(Oral Argument Requested)* |

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6), *Fed.R.Civ.P.,* Defendant, EASY ENERGY SYSTEMS, INC. ("EES"), and Defendant, MARK GAALSWYK ("GAALSWYK") (sometimes jointly referred to as "Defendants"), do hereby move this Court to order the dismissal of all four of Plaintiff, R. BRIAN FIFER's claims for relief: First Claim for Relief (Arizona Wage Payment Statute); Second Claim for Relief (Arizona Anti-Racketeering Statute); Third Claim for Relief (Declaratory Judgment / Rescission), and the Fourth Claim for Relief (Arizona Payment Protection Act), as requested herein, without leave to amend.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

This action concerns standard employment claims for failure to pay timely wages and retaliation. Plaintiff, however, has morphed such an action into a convoluted web of allegations concerning racketeering and fraud. Regardless, as is shown below, Plaintiff cannot sustain the First, Second, Third or Fourth Claims for Relief against the Defendants for the reasons shown below.

## II

## LEGAL STANDARDS FOR MOTION TO DISMISS

Pursuant to Rule 12(b)(6), *Fed.R.Civ.P.,* a complaint is improper if it fails "to state a claim upon which relief may be granted." A 12(b)(6) motion is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claim or claims[1] stated in the complaint. *Strom v. United States*, 641 F.3d 1051, 1067 (9th Cir. 2011). The purpose of a 12(b)(6) motion is to allow a defendant, and the Court, to terminate lawsuits (or claims) that are "fatally flawed in their legal premises and destined to fail … to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys. Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed. Cir. 1993).

In order to survive a motion to dismiss, the facts alleged must show "that the pleader is entitled to relief." Rule 8(a)(2), *Fed.R.Civ.P.* To do so, the pleading must allege enough facts to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). Although in deciding a motion to dismiss, courts are to accept the material allegations in the complaint as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."

---

[1] For purposes of Rule 12(b)(6), "claim" means a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

411640
Error! Unknown document property name.

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A plaintiff is obligated to "provide the 'grounds' of his 'entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, *supra*, 550 U.S. at p. 555, 127 S.Ct. at p. 1965 (internal citations omitted). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *E.g., Fields v. Legacy Health Systems*, 413 F.3d 943, 951, fn. 5 (9th Cir. 2005) (citing *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd.*, 228 F.3d 1043, 1049 (9th Cir. 2000)).

Moreover, dismissal is warranted when the complaint lacks a cognizable legal theory or insufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.* 622 F.3d 1035, 1041 (9th Cir. 2010); *Coffin v. Safeway, Inc.*, 323 F.Supp.2d 997, 1000 (D. AZ 2004).

As is shown below, Plaintiff's complaint fails to satisfy the pleading standards required by Rules 12(b)(6) and 8(a). Because Plaintiff is unable to allege a cognizable legal theory against Defendants, this Court should grant this motion without leave to amend.

**III**

**LAW AND ARGUMENT**

A. **PLAINTIFF'S FIRST CLAIM FOR RELIEF – PLAINTIFF WAS NOT EMPLOYED BY GAALSWYK**

Plaintiff's First Claim for Relief alleges that he was not timely paid wages, and therefore seeks relief under the Arizona Wage Payment Statute (A.R.S. § 23-350, *et seq*.). *See*, Complaint, ¶¶ 28-31. The First Claim for Relief is alleged against both GAALSWYK and Defendant, EASY ENERGY SYSTEMS, INC. ("EES"). *Id*.

3

1   But, Plaintiff alleges that he was employed by EES, not GAALSWYK.
2   Specifically, Plaintiff alleges that "[b]eginning on or about June 13, 2011, Plaintiff
3   FIFER *was employed by Defendant EES* …," Complaint, ¶ 8, and that he entered into "an
4   *employment relationship with EES* …" Complaint, ¶ 13, p. 5.  (Italics added.) Further, in
5   support of the First Claim for Relief, Plaintiff alleges that "[d]uring the course of Plaintiff
6   FIFER's *employment with EES*, he was not timely paid wages, …" Complaint, ¶ 29, p.
7   8:7. (Italics added.)  Plaintiff does not, and cannot, allege that he was employed by
8   GAALSWYK.
9   Plaintiff's allegations clearly establish that an employment relationship, if any
10  existed, was between Plaintiff and EES, not GAALSWYK.  Accordingly, Plaintiff's First
11  Claim for Relief should be dismissed for failure to state a claim as to GAALSWYK.
12  Because Plaintiff cannot cure the defects, the First Claim for Relief should be dismissed
13  without leave to amend, as against GAALSWYK.

**B.    PLAINTIFF'S SECOND CLAIM FOR RELIEF**

    **1.    Only Alleged Against GAALSWYK**

Plaintiff's Second Claim for Relief seeks damages for alleged violations of the Arizona Anti-Racketeering Statute (A.R.S. §§ 13-2301, *et seq.*) ("RICO Claim"). Complaint, ¶¶ 32-45.  The allegations in support of this claim are directed solely at the conduct of GAALSWYK, not EES.  *See* Complaint, ¶¶ 32-45.  Regardless, this claim is leveled against GAALSWYK and EES.  *Id*. Because there are no allegations that EES engaged in any racketeering activity, this claim for relief should be dismissed as against EES, without leave to amend.

    **2.    Plaintiff Fails to Allege Sufficient Facts to Support a RICO Claim**

Plaintiff fails to allege sufficient facts to support this claim for relief. *Fed.R.Civ.P.* 8(a).  Specifically, Plaintiff fails to provide any factual basis as to how GAALSWYK'S alleged "pattern of unlawful activity" and "racketeering" actually caused Plaintiff to

1  "suffer injury to his business, person, and property," and "lost income, losses in value of
2  the phantom stock …, and lost opportunities for gainful employment and business
3  ventures in an amount …"  Complaint, ¶¶ 42 and 43. That is especially problematic
4  considering that Plaintiff alleges that he, and his un-named business, suffered financial
5  losses and property losses in an amount "not less than $1,000,000.00." *Id.*
6       Plaintiff claims injury to his "business" – yet there is no allegation as to what or
7  how any such "business" is injured, or how it is related to his employment with EES.  *See*
8  Complaint, at ¶¶ 42-43.  Likewise, Plaintiff fails to allege any facts concerning the
9  property which was allegedly damaged, or what "lost income," or lost opportunities" he
10 suffered.  After all, according to Plaintiff, he was employed by EES, and any "income"
11 he was due, would be owed by EES pursuant to the alleged employment agreement.
12 Plaintiff is seeking those employment damages in the other claims for relief, rendering
13 this claim for relief improperly duplicative. That is especially true considering that
14 Plaintiff incorporates all previous employment allegations as support in this claim for
15 relief.
16      The allegations are conclusory with no factual substance connecting the alleged
17 injuries to the alleged "pattern of unlawful activity" and "racketeering" alleged against
18 the Defendants. Considering that Plaintiff is seeking more than $1,000,000.00, the
19 Defendants need more information to adequately respond to the Complaint.
20      As shown in Section II, p.2:22-3:9, *supra*, Plaintiff must do more than regurgitate
21 the elements of the alleged cause of action.  "Threadbare recitals of the elements of a
22 cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*
23 *Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v.*
24 *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) ("… a plaintiff's obligation
25 to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and
26 conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

5

1  Because Plaintiff fails to properly set forth the basis for his RICO claim against the Defendants as required by *Fed.R.Civ.P.* Rule 8(a)(2), Plaintiff's RICO claims should be dismissed as to both Defendants pursuant to Rule 12(b)(6). *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65.

C. **PLAINTIFF'S THIRD CLAIM FOR RELIEF - PLAINTIFF DID NOT ENTER INTO AN EMPLOYMENT AGREEMENT WITH GAALSWYK**

Plaintiff's Third Claim for Relief for Declaratory Judgment seeks a declaration of this Court voiding the alleged Employment Agreement[2], or allowing Plaintiff to rescind the alleged Employment Agreement. Complaint, ¶¶ 46-50. It is alleged against EES and GAALSWYK. *Id*.

But, similar to the First Claim for Relief, Plaintiff's allegations only concern EES. In addition to incorporating the previous allegations, Plaintiff specifically alleges that he signed "Employment Agreement *with EES* …" Complaint, ¶ 47, p. 13:17. (Italics added.); *See also*, Complaint, ¶ 49, p. 14:22 (Plaintiff signed "an Employment Agreement *with EES* …"). (Italics added.) Plaintiff does not, and cannot allege, that he entered into any Employment Agreement with GAALSWYK.

Plaintiff's allegations establish that the parties to any Employment Agreement are Plaintiff and EES, not GAALSWYK. Accordingly, Plaintiff's Third Claim for Relief should be dismissed for failure to state a claim as to GAALSWYK.  Because Plaintiff cannot cure the defects, Plaintiff's Third Claim for Relief should be dismissed without leave to amend, as against GAALSWYK.

///

///

///

---

[2] Plaintiff fails to attach a copy of the Employment Agreement as an exhibit, making a sufficient response impossible.

6

### D. PLAINTIFF'S FOURTH CLAIM FOR RELIEF – PLAINTIFF WAS NOT EMPLOYED BY GAALSWYK

Plaintiff's Fourth Claim for Relief generally alleges that he was terminated in retaliation for protected conduct, in violation of the Arizona Employment Protection Act (A.R.S. § 23-1501). Complaint, ¶¶ 51-56. It is alleged against EES and GAALSWYK. *Id*.

But, similar to the First and Third Claims for Relief, Plaintiff's allegations only concern EES. In addition to incorporating the previous allegations, Plaintiff specifically and repeatedly alleges that his "employment *with EES*" was terminated. *See*, Complaint, ¶¶ 52, p. 15:12; 54, p. 16:1; 55, p. 16:5-6. (Italics added.)

Plaintiff's allegations establish that an employment relationship, if any existed, was between Plaintiff and EES, not GAALSWYK. Accordingly, Plaintiff's Fourth Claim for Relief should be dismissed for failure to state a claim as to GAALSWYK. Because Plaintiff cannot cure the defects, Plaintiff's Fourth Claim for Relief should be dismissed without leave to amend, as against GAALSWYK.

## IV

## CONCLUSION

For the reasons shown above, Defendants' Motion to Dismiss should be granted without leave to amend.

Respectfully submitted this 7th day of February, 2014.

**RIDENOUR, HIENTON & LEWIS, P.L.L.C.**

By   /s/ Gary N. Lento
**Gary N. Lento**
**Damien R. Meyer**
201 North Central Avenue, Suite 3300
Phoenix, Arizona  85004-1052

*Attorneys for Defendants, EASY ENERGY SYSTEMS, INC., and MARK GAALWSYK*

7

1 | <u>Certificate of Service</u>:
2 | I hereby certify that on February 7, 2014,
3 | I electronically transmitted the attached document to the Clerk's Office using the
4 | CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following
5 | CM/ECF registrants <u>and</u> mailed this date to:

Richard K. Walker, Esq.
Roger S. Owens, Esq.
WALKER & PESKIND, PLLC
16100 N. 71st Street, Suite 140
Scottsdale, Arizona 85254-2236
*Attorneys for Plaintiff, R. BRIAN FIFER*
<u>rkw@azlawpartner.com</u>
<u>rso@azlawpartner.com</u>


<u>/s/  DC Hatheway</u>

8

411640
Error! Unknown document property name.